## LESTER v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

STREET RAILROADS (§ 114*)—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE —PLACE.

    In an action for injury from being struck by defendant's street car, evidence *held* to establish by a clear preponderance that the accident occurred at a certain location.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250; Dec. Dig. § 114.*]

Appeal from City Court of New York, Trial Term.

Action by Sam Lester against the New York Railways Company. From an order setting aside a verdict for defendant, it appeals. Reversed, and verdict reinstated.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

James L. Quackenbush, of New York City (Bayard Ames and Frederick Allis, both of New York City, of counsel), for appellant.

Isadore Apfel, of New York City (Moses Feltenstein, of New York City, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J.   This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff by reason of defendant's alleged negligence in causing or permitting the front of defendant's north-bound car to strike plaintiff as he was crossing the street directly in front of it, at the intersection of Lexington avenue and Forty-Sixth street in the city of New York.   The answer denies all allegations except those of defendant's incorporation and the operation of the railway.

Plaintiff testified to the facts immediately connected with the happening of the accident, and, at first, stated that he approached Lexington avenue from Forty-Seventh street, but afterwards, on further examination by his counsel, corrected his testimony by stating he approached Lexington avenue from Forty-Sixth street, and that the accident happened at Forty-Sixth street and Lexington avenue.   He was corroborated as to some of the facts connected with the accident by two witnesses who accompanied him to Lexington avenue.   The testimony of these witnesses was vague as to the street through which they approached Lexington avenue and as to the exact place of the accident.   The exact place of the accident was vitally important, for the reason that, while the testimony of plaintiff and his two witnesses tended to show negligence on the part of defendant's servants operating its car at Forty-Sixth street and Lexington avenue, defendant introduced no proof as to an accident at Forty-Sixth street and Lexington avenue, but offered evidence showing that, though it was the uniform custom of the defendant company to require written reports of all accidents from its employés, no report of an accident at Forty-Sixth street and Lexington avenue had been made for a period of more than two weeks before the day of the alleged accident, but that an accident at Forty-Seventh street and Lexington avenue on the day and at the exact hour alleged by plaintiff was reported to the defendant; and defendant also called several witnesses whose testimony, if accepted, clearly established contributory negligence on the part of the plaintiff and freedom from negligence on the part of defendant. It also appears that a medical certificate was offered in evidence by defendant, signed by a physician whom plaintiff consulted shortly after the accident, which states the place of the accident to be Forty-Seventh street and Lexington avenue; also a letter was introduced by defendant, written by plaintiff's counsel, by authority of the plaintiff, shortly after the accident, which states the place of the accident to be Forty-Seventh street and Lexington avenue.

On this conflicting evidence, three questions of fact were presented for the jury: First, whether the place of the accident was Forty-Sixth street and Lexington avenue or Forty-Seventh street and Lexington avenue; second, whether the injury to plaintiff was due to defendant's negligence; third, whether plaintiff was guilty of contributory negligence.   All these issues of fact were determined by the jury in favor of the defendant, and such determination was abundantly supported by the evidence.   The learned trial judge, however, set aside the verdict of the jury on the ground that, in his opinion, the testimony of plaintiff's witnesses and defendant's witnesses related to two different accidents, and that defendant's evidence should be en-

tirely disregarded for that reason. We do not think that view of the case is supported by the evidence, or in harmony with the inherent probabilities of the case. We are of the opinion, on the contrary, that it was established by a clear preponderance of evidence, first, that the accident to plaintiff did actually occur at Forty-Seventh street and Lexington avenue; second, that only one accident happened in that immediate neighborhood on that day and at the hour alleged by plaintiff; third, that plaintiff was guilty of negligence which contributed to his injury; and, fourth, that defendant was free from negligence. The case was submitted very clearly and impartially to the jury, and their finding was fully supported by the evidence, and should not have been disturbed.

The order must therefore be reversed, with costs, and the verdict of the jury reinstated, with costs. All concur.